```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

KEITH VENTIMIGLIA,              :
                                :
              Plaintiff,        :    HONORABLE JOSEPH E. IRENAS
                                :    CIV. ACTION NO. 12-2130 (JEI/AMD)
     v.                         :
                                :            OPINION
COTT BEVERAGE CORPORATION,      :
                                :
              Defendant.        :
```

**APPEARANCES:**

ROBERT HENSLER, LLC
By:  Robert Hensler, Esq.
601 Haddon Avenue
Collingswood, New Jersey 08108
          Counsel for Plaintiff

COZEN O'CONNOR
By:  Michael Broadbent, Esq.
1900 Market Street
Philadelphia, Pennsylvania 19103
          Counsel for Defendant

LAW OFFICES OF STEVEN G. KRAUS
By:  Ellen Lubensky Casagrand, Esq.
122 Mount Bethel Road
Warren, New Jersey 07905
          Counsel for OneBeacon Insurance Company

**IRENAS**, Senior District Judge:

Presently before the Court is OneBeacon Insurance Company's[1] Motion for Declaratory Judgment, as well as the Court's subsequent Order to Show Cause why the "Motion" should not be

---

[1] As will become apparent from the discussion of this case's procedural history *infra*, Plaintiff Ventimiglia's insurer, OneBeacon, is simultaneously a former defendant to this suit, a proposed intervenor-plaintiff under Fed. R. Civ. P. 24, and an "interested party" / declaratory judgment plaintiff under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

dismissed for lack of subject matter jurisdiction. For the reasons stated herein, the Motion for Declaratory Judgment must be dismissed for lack of subject matter jurisdiction. However, the Court will reconsider and vacate its order on OneBeacon's previous Motion to Intervene, which this Court originally dismissed without prejudice. For the reasons stated herein, OneBeacon's Motion to Intervene will be denied.

I.

This is a diversity personal injury / premises liability suit. During the course of his employment as a truck driver, Plaintiff Ventimiglia, a New Jersey citizen, slipped and fell in an icy parking lot as he was exiting the cab of his truck. The parking lot-- which, at all relevant times, was owned and maintained by Defendant Cott Beverage-- is located in Pennsylvania. Cott Beverage is a Georgia corporation with its principal place of business in Tampa, Florida. Ventimiglia is employed by a New Jersey company and his truck is registered in New Jersey. Ventimiglia asserts one claim of negligence against Defendant Cott Beverage.

Ventimiglia's Complaint originally included an additional claim against his insurer OneBeacon Insurance Company. OneBeacon has provided "medical" and "disability" benefits to Ventimiglia pursuant to its Occupational Accident Policy, which Ventimiglia purchased through his membership in the Owner, Operator,

2

Independent Driver Association. Ventimiglia claims he is entitled to additional benefits under the policy. However, in light of the policy's arbitration clause, Ventimiglia stipulated to the dismissal of his additional benefits claim against OneBeacon from this suit. Accordingly, as the case currently stands, OneBeacon is not a party to this suit.

Be that as it may, OneBeacon asserts that it still has an interest (or potential interest) in the outcome of Ventimiglia's claim against Cott Beverage by virtue of its payment of benefits to Ventimiglia, totaling $29,767.52, and its contractual right to reimbursement and subrogation under the policy. In short, OneBeacon would like to recover $29,767.52 from any judgment Ventimiglia might obtain against Defendant Cott Beverage.

But there is a catch. It is undisputed by everyone-- Ventimiglia, Cott Beverage, and OneBeacon-- that if New Jersey law applies, OneBeacon may not seek reimbursement or subrogration from Ventimiglia. By statute, New Jersey has abrogated the common law collateral source rule as follows:

> [i]n any civil action for personal injury . . . if a plaintiff receives . . . benefits for the injuries allegedly incurred from any other source other than a joint tortfeasor, the benefits . . . shall be disclosed to the court and the amount thereof which duplicates any benefit contained in the award shall be deducted from any award recovered by the plaintiff, less any premium paid to an insurer directly by the plaintiff.

N.J.S.A. 2A:15-97. Thus, if New Jersey law applies, and Ventimiglia obtains a judgment awarding him medical expenses and

3

past lost wages, the Court, sitting in diversity, must automatically deduct $29,767.52 from that award,[2] thereby precluding Ventimiglia's double recovery of medical expenses and past lost wages, and precluding OneBeacon from recovering the benefits it paid to Ventimiglia because that amount will not be included in Ventimiglia's ultimate judgment.

In recognition of the law in New Jersey, OneBeacon seeks a ruling from this Court that Pennsylvania law applies, because Pennsylvania follows the common law collateral source rule. *See Allegheny Gen. Hosp. v. Phillip Morris*, 228 F.3d 429, 442 (3d Cir. 2000). Thus, in Pennsylvania, a plaintiff is permitted to recover medical expenses and past lost wages even if that plaintiff already received payments for those costs from a collateral source, such as an insurer. *Id.* In this case, if Ventimiglia obtains a judgment awarding him medical expenses and past lost wages, and Pennsylvania law applies, the judgment against Cott Beverage will be $29,767.52 greater than the exact same judgment under New Jersey law; and OneBeacon may seek reimbursement and subrogation from Ventimiglia.

As should be apparent at this point in the discussion, Ventimiglia has practically no interest in the resolution of the collateral source issue because the net result for him will be the same if he prevails on his negligence claim: either the Court

---

[2] Not surprisingly, Defendant Cott Beverage argues that New Jersey law should apply precisely because any potential judgment against it is likely to be significantly lower.

4

automatically deducts $29,767.52 from his judgment or he must pay OneBeacon $29,767.52 from his judgment.

Before the Court can reach the choice of law issue, however, the Court must answer a closely related procedural question: how does OneBeacon, a non-party to this suit, obtain a ruling on which state's law applies to a potential judgment in favor of Plaintiff Ventimiglia and against Defendant Cott Beverage?

## II.

A brief discussion of the relevant procedural history informs the issue.  First, OneBeacon filed a Motion to Intervene as a Plaintiff in this suit pursuant to Fed. R. Civ. P. 24.  Its proposed complaint, which was attached to the Motion, sought only declaratory relief; namely, OneBeacon asked this Court to hold that Pennsylvania's collateral source rule will apply to any potential judgment for medical expenses and past lost wages awarded to Ventimiglia.  After a status conference with counsel for Plaintiff, Defendant, and OneBeacon, the Court dismissed without prejudice OneBeacon's Motion to Intervene and instead directed OneBeacon to file a Motion seeking the relief in the proposed complaint.  OneBeacon filed a brief arguing that Pennsylvania's collateral source rule should apply; Defendant Cott Beverage filed a brief arguing that New Jersey's anti-subrogation statute should apply; and Plaintiff Ventimiglia filed no papers.

In preparing for oral argument on OneBeacon's Motion for Declaratory Judgment, the Court encountered an unexpected issue. As set forth in the Court's Order to Show Cause why the Motion for Declaratory Judgment should not be dismissed for lack of subject matter jurisdiction, there is no independent basis supporting subject matter jurisdiction over what is functionally a new lawsuit brought by OneBeacon against Defendant Cott Beverage.[3] There is no federal question, and the amount in controversy, $29,767.52, is well below the jurisdictional minimum for diversity of citizenship jurisdiction. Thus, OneBeacon cannot obtain a ruling on the choice of law issue via a Motion for Declaratory Judgment.

OneBeacon argues, however, that this jurisdictional problem can be avoided if it is allowed to intervene in the existing suit pursuant to Fed. R. Civ. P. 24. It is undisputed that the Court may properly exercise diversity of citizenship jurisdiction over Plaintiff Ventimiglia's personal injury negligence suit against Defendant Cott Beverage; the parties are completely diverse and the amount in controversy between Ventimiglia and Cott Beverage

---

[3] The Declaratory Judgment Act provides in relevant part, "[i]n a case of actual controversy *within its jurisdiction*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Act does not grant or enlarge subject matter jurisdiction; an independent ground for subject matter jurisdiction must exist. *Ragoni v. U.S.*, 424 F.2d 261, 264 (3d Cir. 1970).

obviously is not limited to the amount of benefits OneBeacon has paid to Ventimiglia, no matter which state's law applies to the negligence claim. According to OneBeacon, it should be allowed to intervene in Ventimiglia's negligence suit, and then the Court may exercise supplemental jurisdiction over OneBeacon's claim for declaratory relief against Defendant Cott Beverage pursuant to 28 U.S.C. § 1367(a).

Cott Beverage disagrees, citing 28 U.S.C. § 1367(b), which provides in relevant part,

> [i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction . . . over claims by . . . persons . . . seeking to intervene as plaintiffs under Rule 24 of [the Federal Rules of Civil Procedure], when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

It is undisputed that (1) this Court's subject matter jurisdiction over Ventimiglia's suit is founded "solely" on diversity of citizenship and (2) OneBeacon seeks to "intervene as [a] plaintiff under Rule 24." *Id.* Thus the issue is whether exercising supplemental jurisdiction over OneBeacon's claim for declaratory relief "would be inconsistent with the jurisdictional requirements of section 1332." *Id.*

Allowing OneBeacon to intervene as a plaintiff would not destroy complete diversity: OneBeacon is a citizen of Massachusetts, and Defendant Cott is a citizen of Georgia and Florida. Therefore the only remaining question is whether

7

exercising supplemental jurisdiction over OneBeacon's claim would be inconsistent with section 1332 because the amount in controversy for OneBeacon's individual claim is below the jurisdictional minimum.  This question, in turn, depends on whether OneBeacon's claim may be aggregated with Ventimiglia's claim in order to surpass $75,000.

*Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546 (2005), answers the question in the affirmative.  In *Allapattah*, the Supreme Court held that § 1367(b) does not divest the district court of supplemental jurisdiction over a plaintiff's claim that "do[es] not independently satisfy the amount-in-controversy requirement, [so long as] the claim[] [is] part of the same Article III case or controversy."  545 U.S. at 558.  In other words, *Allapattah* explicitly rejected the position taken by some Courts of Appeal that, "a district court has original jurisdiction over a civil action only if it has original jurisdiction over each individual claim in the complaint."  *Id.* at 562.

Accordingly, the Court concludes that OneBeacon is correct; intervention pursuant to Fed. R. Civ. P. 24 would solve the jurisdictional problem.  If OneBeacon can intervene in Ventimiglia's suit, the Court may properly exercise supplemental jurisdiction over OneBeacon's claim for declaratory relief.[4]

---

[4] Cott Beverage does not assert that OneBeacon's claim is not part of the same Article III case or controversy as

Thus, OneBeacon is back where it started, arguing that it can intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2).

### III.

Rule 24(a)(2) provides in relevant part,

> [o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Interestingly, determining whether OneBeacon's interest in Ventimiglia's suit will be impaired requires a ruling on the precise issue OneBeacon wants decided. That is, OneBeacon has no interest in Ventimiglia's suit if New Jersey law applies because it cannot seek subrogation or reimbursement. Alternatively, if Pennsylvania law applies, OneBeacon does have an interest in Ventimiglia's suit because it can seek subrogation or reimbursement, and its interest will not be adequately represented by either Ventimiglia or Cott Beverage because neither has any incentive to raise the choice of law issue. As discussed *supra*, Ventimiglia has no interest in which state's law applies, and Cott Beverage wants New Jersey law to apply. Thus, if New Jersey law applies, OneBeacon's Motion to Intervene must be denied, but if Pennsylvania law applies, the Motion must be

---

Ventimiglia's suit.

granted. *See generally Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271, 273 (3d Cir. 1980) ("a request for intervention, especially in diversity proceedings, brings to the fore some choice of law issues. Determining the scope of the intervenor's interest will often require an inquiry into state law.").

Finally, then, the Court reaches the core question: under New Jersey choice of law rules[5], will New Jersey's anti-subrogation statute apply to Ventimiglia's potential judgment or will Pennsylvania's common law collateral source rule apply?[6]

Both OneBeacon and Cott Beverage assume that the issue sounds in tort, and therefore they both have briefed the New Jersey choice of law rules applicable to tort claims. To be sure, the underlying issue-- the question of Cott's negligence as a premises owner-- is a tort issue. But whether OneBeacon may enforce its right to subrogation and reimbursement under the insurance policy it issued to Ventimiglia sounds in contract for choice of law purposes.

*Colonial Penn Insurance Co. v. Gibson,* 230 N.J. Super. 55, 56 (App. Div. 1989), "raise[d] a choice-of-law question in deciding whether plaintiff, Colonial Penn Insurance Company, has a right of subrogation to recover against tortfeasor underinsured

---

[5] *See Klaxon Co. v. Stentor*, 313 U.S. 487 (1941).

[6] As discussed in some detail in Section I *supra*, there is a direct conflict between New Jersey law and Pennsylvania law. Thus, a true conflict exists and the Court must make a choice of law.

10

motorist payments made to Colonial Penn's insured." The Appellate Division employed the choice of law rules applicable to contract issues. The court stated,

> in resolving conflict of law issues involving liability insurance contract controversies, . . . 'the law of the place of the contract will govern the determination of rights and liabilities under the insurance policy. This rule is to be applied unless the dominant and significant relationship of another state to the parties and the underlying issue dictates that this basic rule should yield.' *State Farm Mutual Automobile Ins. Co. v. Estate of Simmons*, 84 N.J. 28, 37 (1980). . . . In adopting the rule, *State Farm* incorporated the 'most significant relationship' standard of the Restatement, Conflict of Laws 2d § 188 . . . which identifies the seven considerations pertinent to a conflict-of-law analysis: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other affected states and the relevant interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability, and uniformity of result, and (7) ease in the determination and application of the law to be applied.

*Colonial Penn*, 230 N.J. Super. at 58. The Appellate Division further relied on Restatement § 193, which provides,

> [t]he validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

*Colonial Penn*, 230 N.J. Super. at 59; *see also The Gilbert Spruance Co. v. Pennsylvania Manufacturers' Association Ins. Co.*,

134 N.J. 96, 103 (1993) ("Restatement section 193 provides guidance in applying section 188's relevant contacts to the special case of casualty-insurance contracts . . . the court should apply the law of the state that the parties understood was to be the principal location of the insured risk . . . unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties.") (internal citation and quotation omitted).

Applying the above-quoted rules to the case before it, the Appellate Division held that Pennsylvania law, not New Jersey law, applied to determine the insurer's subrogation rights against a tortfeasor. *Colonial Penn*, 230 N.J. Super. at 59-63. The Court explained that because the insurance policy at issue was issued in Pennsylvania, "that state's law must govern in fixing the rights and liabilities of the parties unless other pertinent factors identified in *State Farm* and the *Restatement* compel a contrary result." *Id.* at 59; *see also NL Industries, Inc. v. Commercial Union Insurance Co.,* 65 F.3d 314, 319 (3d Cir. 1995) (citing *State Farm, Gilbert Spruance,* and *Colonial Penn* for the proposition that New Jersey choice-of-law rules create a "presumption in favor of the place of contracting."). The court then concluded that a contrary result was not compelled because the accident occurred in Pennsylvania, both drivers involved in the underlying accident were Pennsylvania residents, and their

vehicles were both registered in Pennsylvania. *Colonial Penn*, 230 N.J. Super. at 59. The court stated that "no significant relationship with New Jersey exists other than the fact that the tortfeasor moved to New Jersey after the accident occurred." *Id.*

Applying *Colonial Penn, State Farm*, and the relevant Restatement sections to this case, the Court holds that New Jersey law, not Pennsylvania law applies to the issue of OneBeacon's subrogation rights. OneBeacon issued the insurance policy to Ventimiglia (a New Jersey domiciliary) in New Jersey. Thus, New Jersey law applies "unless" Pennsylvania has a more "dominant and significant relationship . . . to the parties and the underlying issue." *State Farm*, 84 N.J. at 37.[7]

Pennsylvania's connections-- the fact that the Ventimiglia was injured in Pennsylvania allegedly as result of the negligence of a company that does business in Pennsylvania-- do not establish such a dominant and significant relationship. Cott Beverage is a Georgia corporation with its principal place of business in Tampa, Florida. Ventimiglia is a New Jersey citizen

---

[7] The Court applies the presumption in favor of the law of the place of contracting notwithstanding the fact that the policy states that it "is governed by the laws of the District of Columbia." (Casagrand Aff. Ex. B, p. 2) The Court is not interpreting the policy, nor is it determining whether coverage exists under the policy, therefore the policy's choice of law clause is not applicable to this issue. *See Farmington Casualty Co. v. United Educators Insurance Risk Retention Group, Inc.*, 117 F. Supp. 2d 1022, 1025 (D. Colo. 1999) (holding that choice of law provision in insurance policy "does not apply" to the issue of whether insurer may obtain contribution or subrogation).

13

and resident and his truck is registered in New Jersey. Pennsylvania has a very limited interest in having its collateral source rule apply to a dispute between foreign citizens on the basis of the relatively arbitrary circumstance that a commercial truck driver happened to be in Pennsylvania when the underlying accident occurred.

Moreover, precisely because Ventimiglia resides in New Jersey, and his truck is registered in this State, New Jersey is the "principle location of the insured risk."  Restatement § 193.

Applying New Jersey law (i.e., the law of the place of contracting) also conforms with "'the reasonable expectations of the parties'" and "advanc[es] 'certainty, predictability, and uniformity.'"  *NL Industries,* 65 F.3d at 319-20 (quoting *State Farm*).

Lastly, policy considerations also support the choice of New Jersey law.  The New Jersey Legislature's "primary purpose" in enacting N.J.S.A. 2A:15-97 "was to disallow double recovery to plaintiffs."  *Perreira v. Rediger*, 169 N.J. 399, 410 (2001).[8] Applying New Jersey's law will ensure that a New Jersey plaintiff does not recover a judgment which includes medical expenses and lost wages already paid by his insurer, thereby furthering the

---

[8]   The statute was enacted in the 1980s when many state legislatures throughout the country, concerned with "the liability insurance availability and affordability crisis in the [United States]," "passed comprehensive tort reform legislation." *Perreira*, 169 N.J. at 407 (internal quotation and citation omitted).

14

purpose of the statute.

On the other hand, applying Pennsylvania's common law collateral source rule will directly undermine 2A:15-97's "secondary goal" of "contain[ing] spiraling [liability] insurance costs" which the New Jersey Legislature specifically sought to accomplish through elimination of the common law collateral source rule. *Perreira*, 169 N.J. at 410.[9]

Thus, the Court concludes that New Jersey's anti-subrogation law applies to any judgment for medical expenses and past lost wages that Ventimiglia may recover from Cott Beverage. Accordingly, OneBeacon has no interest in Ventimiglia's suit because it has no subrogation or reimbursement right under New Jersey law; therefore OneBeacon's Motion to Intervene will be denied.

**IV.**

For the above-stated reasons, OneBeacon's Motion for Declaratory Judgment will be dismissed for lack of subject matter jurisdiction. Upon reconsideration of OneBeacon's Motion to

---

[9] *Perreira* explains that 2A:15-97 reflects the New Jersey Legislature's deliberate choice to "shift the [financial] burden . . . from the liability and casualty insurance industry to health and disability third-party payers." 169 N.J. at 411. OneBeacon's policy, which generally provides coverage for "accidental" "bodily harm" that occurs while a driver is "under dispatch" (Casagrand Aff. Ex. B, p. 29-30), is more akin to health and disability insurance in this context. Thus applying New Jersey law shifts the burden from Cott Beverage's liability insurer to OneBeacon, just as the statute intends.

15

Intervene, the order dismissing the Motion without prejudice will be vacated and the Motion will be denied.  The Court will issue an appropriate Order.

Date: February 26, 2013

                                                s/ Joseph E. Irenas
                                        JOSEPH E. IRENAS, S.U.S.D.J.